IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA -- WESTERN DIVISION
Civil Action No.5:25-CV-377-D

| | |
|---|---|
| LESLIE A. MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>WAKE COUNTY PUBLIC SCHOOL SYSTEM,<br><br>Defendant. | **MEMORANDUM IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS COMPLAINT** |

1. I, Leslie A. Martin, respectfully submit this Memorandum in Opposition to Defendant's Motion to Dismiss for the reasons set forth below, this Court has personal jurisdiction over the Defendant, and this motion to dismiss should accordingly be denied.

2. Plaintiff's response to Defendant's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(2), Lack of Personal Jurisdiction:

3. The Wake County Public School System (WCPSS) is located in Cary, North Carolina. The Wake County Public School System conducts its operations in Wake County, North Carolina, which is located in the Eastern District of North Carolina, where this Court sits. The particulars in my original Equal Employment Opportunity Commission (EEOC) filing, in addition to the case filed with this court on June 27, 2025, case number 5:25-CV-377-D, outline issues that relate to actions that were taken by the school district's employees, which fall under the purview of the responsibility of the Wake County Public School System, not the individual members of the Wake County Board of Education. As such, the Wake County Public School System's activities in the state are sufficient to establish general jurisdiction, as the Plaintiff's rights under federal law are being asserted in the forum state, which is where the discriminatory acts took place. The Defendant's substantial presence in the state give the court general jurisdiction over the Wake County Public School System; and, the activities that relate directly to hiring, firing, and the activities that led to my original EEOC filing give this court specific jurisdiction over the Wake County Public School System. I request that the Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2), Lack of Personal Jurisdiction be denied.

Page **1** of **6**

4. Plaintiff's Response to Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(4), Insufficient Process:

5. On September 4th, 2025, both Jack Salt and Stephen G. Rawson submitted a Notice of Appearance on behalf of the Wake County Board of Education. The subsequent Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2), Lack of Personal Jurisdiction, 12(b)(4), Insufficient Process, and 12(b)(6), Failure to State a Claim Upon Which Relief May Be Granted was not filed until September 10, 2025, which ensures that the summons was properly served to the Wake County Public School System in a timely fashion, and was received, as evidenced by a set of Motion(s) of Appearance, signed and filed by Jack Salt and Stephen G. Rawson of Tharrington Smith. The Motion to Dismiss (as previously stated) was not filed until September 10, 2025. I request that the Defendant's Motion to Dismiss pursuant to Fed R. Civ. P. 12(b)(4), Insufficient Process, be denied.

6. On September 10, 2025, Jack Salt of Tharrington Smith filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) Failure to State a Claim Upon Which Relief Can Be Granted. The Defendant's Motion to Dismiss complaint, including failure to exhaust administrative remedies, can be addressed upon closer examination the contents of paragraphs 1,3, and 4 of the Defendant's motion and the summary statements within the Defendant's motion. The claim that was filed with the Eastern District of North Carolina, case number 5:25-CV-377-D, states, as follows:

7. In Spring 2022, I applied for a position at Carpenter Elementary School in a traditional classroom setting.

8. On or about June 26, 2023, I was reassigned to work in a Special Education Pre-Kindergarten classroom.

9. On August 29, 2023, I experienced a blow to the left side of my head and, afterwards, migraines.

10. I also suffer from epilepsy which arose from a brain tumor and two neurosurgeries around 2015.

11. I have been receiving treatment from a neurologist at UNC Health for some time.

12. My conditions are exacerbated by the kind of physical exertion, stress, and exposure to chaotic or high sensory environments found in special education at Carpenter Elementary School.

13. On October 20, 2023, I requested to be removed from the special needs classroom. I cited my disability and how it would hinder my performance in that setting.

14. Carpenter Elementary Administration provided reasonable accommodation, and I worked in a regular kindergarten classroom for the remainder of 2023-2024 year.

15. In Spring 2024, the kindergarten teacher I was assisting was moving to a first-grade classroom the following year. Mr. Newton Miller, Vice Principal, informed me that I was being reassigned to the exact same special needs classroom that I had been transferred out of due to my medical condition. He said there were no other positions. I explained again to Mr. Miller my disability and limitations on my performance in the special needs setting. I decided to file a formal reasonable accommodation request through human resources. I provided human resources medical information from my epileptologist and filed the Request for Reasonable Accommodation form.

16. The day after I filed the email, I was provided with a job code by human resources for an instructional assistant position in a non-special education kindergarten classroom. At this point, I wrongly assumed that the issue was resolved. My every action from this time onward was under scrutiny. What had once been cordial interactions with the staff and faculty became tense. I found myself put in positions monitoring the hallway and lunchroom, without assistance that used to be present, and my ability to perform simple tasks questioned. My peers felt empowered by the administration to provide me with instructions contrary to my doctor's guidance on multiple occasions.

17. On June 18, 2024, one staff member approached me and told me to cover a special needs classroom which was understaffed. I entered the room for a few minutes until another coworker came in, who I thought was there to relieve me. I left the classroom because I was not supposed to be there from what WCPSS and I had agreed upon. I was berated by multiple faculty members for leaving the classroom. They told me to return to the classroom. I returned to the special needs room for about an hour.

18. Two days later, on June 20, 2024, I witnessed my annual evaluation altered by Mr. Miller. My evaluation had originally been completed by Mr. Matthew Spirakus, and my performance was a series of "Accomplished" and "Proficient." Mr. Miller lowered the rating to "Developing" with no specifics provided. Throughout the remainder of my time at WCPSS, the work environment had become hostile. On June 28, 2024, while setting up the new kindergarten classroom I was to work in, Mr. Miller brought the new teacher into the classroom, ignored my presence, and did not introduce me to her. His attitude toward me was dismissive and cold. Soon after, I was called into his office and presented with a sub-standard annual evaluation that indicated a follow-on "Conditional Evaluation Needed" by Mr. Miller and Ms. Collins. In all areas that the rating of "Developing" was indicated, no specifics were provided of the exact nature of the deficiency annotated for development of a corrective plan.

19. I was targeted by WCPSS administration in a work environment in which not only did administration not protect me due to my disability or accommodation but also fostered and contributed to the very culture which was hostile to me.

20. On June 30, 2024, I sent WCPSS a letter resigning my position at Carpenter Elementary. I stated that I was constructively discharged and felt targeted for further retaliatory discipline based on my disability and inability to accept reassignment to a special needs classroom.

## Complaint for Employment Discrimination:

21. On or about October 17, 2024, I pursued my rights by filing a charge with Equal Employment Opportunity Commission explaining the situation above. The EEOC issued a Determination and Notice of Rights letter on March 31, 2025, that provided the right to sue.

## Failure to Accommodate:

22. I reallege and incorporate by reference each allegation in the foregoing paragraphs.

23. I have a disability within the meaning of the Americans with Disabilities Act due to my migraines and epilepsy. WCPSS, through Mr. Miller, had actual notice of this disability on or around October 20, 2023. While WCPSS initially granted reasonable accommodation in the 2023-2024 school year, it failed to grant reasonable accommodation going into the 2024-2025 school year when it reassigned me to a special needs classroom. After I applied for reasonable accommodation through the formal process to human resources, I was granted reasonable accommodation. Still, this was not honored in fact by the administration, nor did the administration take steps to effectuate that accommodation, evidenced by temporary placement in a special needs classroom on June 18, 2024. The WCPSS only nominally granted my reasonable accommodation to not work in a special needs classroom. It violated my rights under the ADA.

## Discrimination:

24. I reallege and incorporate by reference each allegation in the foregoing paragraphs.

25. I have a disability within the meaning of the Americans with Disabilities Act due to my medically diagnosed migraines and epilepsy. After seeking reasonable accommodation again in May of 2024, I was faced with a hostile work environment facilitated by the WCPSS administration because of my disability. I was competent in my performance, as evidenced in previous performance evaluations. The performance evaluation presented on June 30, 2024 was lowered because of my disability and the WCPSS administration's prejudice against my disability.

## Retaliation:

26. I reallege and incorporate by reference each allegation in the foregoing paragraphs.

27. I have a disability within the meaning of the Americans with Disabilities Act due to my migraines and epilepsy. When I left the special needs classroom (reference paragraph 17of this memorandum) on June 18, 2024, I did so because of the reasonable accommodation I secured from WCPSS to refrain from working in a special needs classroom environment. After I left that classroom, I was berated and bullied into returning to the classroom, and two days later, on June 20, 2024, WCPSS Administration, through Mr. Miller, altered my performance negatively. Upon information and belief, Mr. Miller altered my performance evaluation for the direct reason of my actions, in line with my reasonable accommodation, on

June 18, 2024. Thereafter, I was faced with hostility in my work environment, and I was placed on conditional evaluation due to my assertion of my accommodation.

## Constructive Discharge:

28. I reallege and incorporate by reference each allegation in the foregoing paragraphs.

29. I have a disability within the meaning of the Americans with Disabilities Act due to my migraines and epilepsy. Mr. Miller deliberately took action to lower my performance evaluation out of refusal to acknowledge my reasonable accommodation, prejudice against my disability, and retaliation against me acting according to my reasonable accommodation. This action on Mr. Miller's behalf to set me on a track to demotion or termination created an objectively intolerable environment wherein I knew every act of mine was under scrutiny against a prejudiced party. As such, I reasonably, under fear of escalating retaliation, resigned from my position at WCPSS to escape the intolerable environment created by Mr. Miller and the WCPSS administration. No reasonable person would have remained under those conditions and confidence was broken that further administrative remedy would create a positive outcome.

## Relief:

30. I ask this Court to grant me relief in the amount of $79,800 for compensation of back pay and front pay and mental anguish.

31. I request that the Defendant's Motion to Dismiss pursuant to Fed R. Civ. P. 12(b)(6), Failure to State a Claim Upon Which Relief Can Be Granted, be denied.

Respectfully submitted,

*Leslie A. Martin*

Leslie A. Martin
4021 Bella Park Trail Apt. #334
Raleigh, NC 27613
Telephone: (816)721-6443
Email: Lam75e@gmail.com
*Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

I CERTIFY that a copy of the foregoing **MEMORANDUM OF OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS COMPLAINT** was filed with the Clerk of the Court in person, which will give notification of such using the court's electronic filing system (CM/ECF system) to the following:

THARRINGTON SMITH, L.L.P.

Jack Salt, N.C. State Bar No. 62640
Stephen G. Rawson, N.C. State Bar No. 41542
THARRINGTON SMITH, L.L.P.
150 Fayetteville Street, Ste 1900 Post Office Box 1151
Raleigh, North Carolina 27602
Telephone: (919) 821-4711
Fax: (919) 829-1583
Email: jsalt@tharringtonsmith.com srawson@tharringtonsmith.com
*Attorneys for Defendant Wake County Public School System*

This the 29th day of September 2025.

*Leslie A. Martin*
_____
Leslie A. Martin
4021 Bella Park Trail Apt. #334
Raleigh, NC 27613
Telephone: (816)721-6443
Email: Lam75e@gmail.com
*Plaintiff*