IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 5:25-CV-00377-BO-BM

LESLIE MARTIN,                               )
                                             )
            Plaintiff,                       )
                                             )
v.                                           )          O R D E R
                                             )
WAKE COUNTY PUBLIC SCHOOL SYSTEM  )
                                             )
            Defendant.                       )

This matter comes before the Court on the Wake County Board of Education's motion to

dismiss [DE 9] pursuant to Federal Rule of Civil Procedure 12(b)(6). The Board is responding on

behalf of defendant Wake County Public School System (hereinafter "WCPSS"). The plaintiff,

Leslie A. Martin, is proceeding pro se. Martin filed her complaint [DE 1] on June 27, 2025,

asserting four claims under the Americans with Disabilities Act (hereinafter "ADA"): failure to

accommodate, discrimination, retaliation, and constructive discharge. The matter is fully briefed

and ripe for disposition. For the reasons stated herein, this Court GRANTS defendant's motion

and DISMISSES all claims.

## I. Factual Background

The following facts are drawn from the complaint [DE 1] and documents incorporated

therein by reference. The plaintiff suffers from epilepsy and migraines connected to a brain tumor

and two neurosurgeries that she had in 2015. She worked at Carpenter Elementary School. Her job

title was "Instructional Assistant." She initially worked in special education but applied for a

traditional classroom position in Spring 2022. Nonetheless, she was reassigned to a special

education Pre-K classroom around June 26, 2023. On August 29, 2023, she suffered a blow to her

head due to student misconduct. On October 20, 2023, she requested removal from the special needs classroom, citing her disability. WCPSS acquiesced and moved Martin to a regular kindergarten classroom for the remainder of the 2023–2024 year.

In Spring 2024, vice principal Newton Miller informed plaintiff she would be reassigned to the same special needs classroom. Plaintiff filed an accommodation request through human resources and was provided a job code for a non-special education kindergarten position. She alleges subsequent scrutiny and tense interactions. On June 18, 2024, she briefly covered a special needs classroom but left. As a result, she was berated by faculty members. On June 20, 2024, she alleges Miller altered her annual evaluation from positive ratings to "developing" with no specifics. Around June 28, 2024, plaintiff received a sub-standard annual evaluation which indicated a "conditional evaluation" would follow. On June 30, 2024, she resigned, alleging constructive discharge. On October 17, 2024, Martin filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC"), claiming she was a victim of discrimination based on her disability and that she was retaliated against. It states:

> "I requested that Respondent provide me with disability related reasonable accommodation by allowing me to work as an Instructional Assistant in a non-special education classroom. On June 28, 2024, the last day of academic school year, Respondent Assistant Principal Newton Miller gave me a negative performance review allegedly because I did not fully meet expectations in the spheres of support of learning and teaching, quality of work, relationships with others, dependability and initiative. Mr. Miller then told me that I would have to transfer back to being an Instructional Assistant in a special education classroom. I informed Mr. Miller that due to my disability, that would not be an option. Mr. Miller however said that Respondent did not have room for me. On June 30, 2024 I informed Respondent that I would be resigning."

[DE 1-1, p. 3]. The EEOC issued a right to sue letter on March 31, 2025. [DE 1-2].

## II. Standard

A 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.*, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. Analysis

The WCPSS is a school system as defined by North Carolina statute. See NCGS § 115C-74; *cf. also Wilson v. McDaniel*, No. C-89-815-WS, 1991 U.S. Dist. LEXIS 5131, at *3 (M.D.N.C. Jan. 14, 1991). Because a school system is "a subordinate division of the state, or agency exercising statutory governmental functions like a city administrative school unit, [it] may be sued only when and as authorized by statute." *Smith v. Hefner*, 235 N.C. 1, 6, 68 S.E.2d 783, 787 (1952) (citing *Kirby v. Board of Education*, 230 N.C. 619, 55 S.E. 2d 322). "Nowhere do the [North Carolina] general statutes authorize a school system to sue or be sued." *Wilson*, No. C-89-815-WS, 1991 U.S. Dist. LEXIS 5131, at *4; *Smith v. Cabarrus Cnty. Sch.*, No. 1:08CV448, 2009 U.S. Dist. LEXIS 70923, at *8 (M.D.N.C. Aug. 11, 2009) ("Under state law, the school system does not have the capacity to sue or be sued."); *Neil v. Warren Cnty Sch.*, No. 5:20-CV-595-FL, 2022 U.S. Dist. LEXIS 174236, at *10 (E.D.N.C. Sep. 26, 2022) ("[S]chool systems are not described statutorily as cognizable legal entities.").

3

*Flenner v. Wake Cnty. Pub. Sch. Sys.*, No. 5:25-CV-351-BO-BM, 2026 WL 1495040, at *2 (E.D.N.C. May 28, 2026). Because the named defendant is an entity incapable of being sued, plaintiff fails to state a claim.

The Wake County Board of Education contends it is "the legal entity capable of suing and being sued related to the operation of the Wake County Public School System[.]" [DE 10, p. 1]. The Board appeared on behalf of the named defendant WCPSS and moved to dismiss the complaint for failure to state a claim. The Court considers its alternative grounds for dismissal below.

A. *Count IV - Constructive Discharge*

To prove constructive discharge, the employee must demonstrate that her working conditions were so intolerable that a reasonable person in her position would be compelled to resign. *Burns v. AAF-McQuay, Inc.*, 96 F.3d 728, 733 (4th Cir. 1996). Plaintiff's factual allegations are conclusory and do not rise to the level of objective intolerability: her every action was under scrutiny, interactions became tense, she was targeted by administration, and she felt targeted for further retaliatory discipline. [DE 1, ¶ 40-43]. "Dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are not so intolerable as to compel a reasonable person to resign." *Carter v. Ball*, 33 F.3d 450, 459 (4th Cir. 1994). Plaintiff does not allege threats of termination, reduction in pay, physical danger, or any action making continued employment objectively intolerable. Accordingly, plaintiff cannot rely on her resignation as an adverse employment action.

B. *Count I - Failure to Accommodate*

The ADA requires exhaustion of administrative remedies. 42 U.S.C. § 12117. A plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be

4

expected to grow out of the charge of discrimination. *See Sydnor v. Fairfax County*, 681 F.3d 591, 593–94 (4th Cir. 2012); *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005). A "plaintiff fails to exhaust his administrative remedies where, as here, his administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit." *Chacko*, 429 F.3d at 506.

Plaintiff's EEOC charge focuses on a discrete set of facts: her October 19, 2023 request for accommodation; the June 28, 2024 negative performance review; Miller's statement that she would have to transfer back to special education; and her June 30, 2024 resignation. The charge does not mention her Spring 2024 accommodation request through human resources, the job code provided, the alleged scrutiny and tense interactions that followed, the June 18, 2024 temporary placement in a special needs classroom, or the June 20, 2024 alteration of her evaluation.

The complaint builds its failure to accommodate claim on a narrative of ongoing, systematic failure to honor an accommodation across two school years. It alleges that the accommodation was nominally granted but not honored in fact, evidenced by the June 18, 2024 temporary placement. These allegations present a theory materially distinct from that presented to the EEOC. The Spring 2024 request, the nominal grant, and the June 18, 2024 incident are not mentioned in the charge and are not reasonably related to its allegations. The EEOC had no opportunity to investigate this theory. Accordingly, plaintiff has failed to exhaust administrative remedies with respect to her failure to accommodate claim.

C. *Count II - Discrimination*

To establish a prima facie case of disability-based discrimination, a plaintiff must demonstrate: (1) she has a disability; (2) she is a qualified individual; and (3) she was discriminated

5

against because of her disability. *Martinson v. Kinney Shoe Corp.,* 104 F.3d 683, 686 (4th Cir. 1997).

Assuming the plaintiff has adequately alleged a disability and qualified individual status, she has not plausibly alleged intentional discrimination. She alleges that she was "faced with a hostile work environment facilitated by the WCPSS administration because of [her] disability" and that her evaluation was lowered "because of [her] disability and the WCPSS administration's prejudice against [her] disability." [DE 1, ¶ 37]. These are bare conclusions, not factual allegations. She does not identify specific acts of hostility beyond general "tense" interactions. She does not allege how her disability caused any specific adverse action. She does not allege similarly situated non-disabled employees were treated more favorably. She does not allege facts evidencing discriminatory intent. Accordingly, plaintiff fails to state a discrimination claim.

D. *Count III - Retaliation*

To establish a prima facie case of retaliation, a plaintiff must show: (1) protected activity; (2) adverse employment action; and (3) causal connection. *Price v. Thompson*, 380 F.3d 209, 212–13 (4th Cir. 2004). "An adverse employment action is a discriminatory act that adversely affects the terms, conditions, or benefits of the plaintiff's employment." *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 219 (4th Cir. 2007) (cleaned up, citation omitted). As already discussed, plaintiff's resignation does not constitute a constructive discharge, and is therefore not an adverse employment action. "Where a plaintiff pleads that a negative performance review constitutes an adverse employment action he must explain and quantify how that review might impact his current pay or employment opportunities." *Ramirez-Rodriguez v. Wal-Mart Store, E., L.P.*, No. 5:12-CV-585, 2013 WL 3356566, at *3 (E.D.N.C. July 3, 2013) (citing *Holland*, 487 F.3d at 219). There is

6

no such allegation present in plaintiff's complaint, and she cannot rely on her negative performance reviews as adverse actions.

Plaintiff's reassignment as a hall and lunchroom monitor [DE 1, ¶ 14] may well have created a change in the conditions of her employment. There is no plausible allegation, however, that this was retaliation motivated by any protected activity in which plaintiff engaged. To the contrary, the complaint alleges plaintiff requested in her accommodation filing [DE 1, ¶¶ 11–12] that she be placed in a position outside the special education classroom. [DE 1, ¶¶ 10, 13]. She fails to state an ADA retaliation claim.

Accordingly, plaintiff's retaliation claim is DISMISSED.

## IV. Conclusion

For the foregoing reasons, Wake County Public School System's motion to dismiss [DE 8] is GRANTED. The complaint is DISMISSED. The Clerk is directed to close the case.


SO ORDERED, this **29** day of June 2026.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

7